B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
### District of Idaho

In re  **Wellness Enhanced Lifestyle Living, LLC**                                      Case No. _____

Debtor(s)                                                                                                  Chapter  **7**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **3,362.00** |
   | Prior to the filing of this statement I have received | $ **3,362.00** |
   | Balance Due | $ **0.00** |

2. $ **338.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ☑ Debtor        ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ☑ Debtor        ☐ Other (specify):

5. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   **See attached engagement letter.**

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **May 18, 2022** | **/s/ Matt Christensen** |
| Date | **Matthew T. Christensen 7213** |
| | *Signature of Attorney* |
| | **Johnson May** |
| | **199 N. Capitol Blvd, Ste 200** |
| | **Boise, ID 83702** |
| | **208-384-8588   Fax: 208-629-2157** |
| | **info@johnsonmaylaw.com** |
| | *Name of law firm* |



MATTHEW T. CHRISTENSEN
MTC@JOHNSONMAYLAW.COM

April 26, 2022

**ENGAGEMENT LETTER**

<u>Via Email Only (ryan.haller@gmail.com)</u>

Wellness Enhanced Lifestyle Living
Ryan Haller
PO Box 1755
Eagle, ID 83616

      RE:    Wellness Enhanced Lifestyle Living
                 Chapter 7 Bankruptcy
                 JM Matter No. 16579-001

Dear Ryan:

      By this letter I am confirming the terms of your retention of my firm. I am the responsible attorney for this matter. However, I may delegate or share this responsibility with other attorneys in my firm. I will endeavor to keep you reasonably advised of the participation by other attorneys in my firm.

      You hereby retain and employ JOHNSON MAY to represent Wellness Enhanced Lifestyle Living in a case to be initiated under Chapter 7 of the Bankruptcy Code.

      The legal services to be rendered are as follows:

(1)     preparation and filing of a petition, Statement of Financial Affairs, Statement of Intention, Means Test Statement;

(2)     attendance at all meetings of creditors in the bankruptcy case;

(3)     negotiation of any pleadings required to reaffirm your personal obligation to pay any debt or lease;

(4)     attendance at any hearing on a motion seeking dismissal of your case under Code § 707 (b)(7);

(5)     handle communications with creditors during the pendency of your case regarding claims the creditors may have against you (but not preparing or filing any objections to claims unless we agree to that separately); and

Wellness Enhanced Lifestyle Living
April 26, 2022
Page 2 of 4

      (6)    if required, attendance at any reaffirmation or discharge hearing.

It is possible that the trustee assigned to your case, the U.S. Trustee or any creditor may file a motion seeking dismissal of your case. If that happens, we will appear on your behalf at that hearing. However, there is no way, because of the undecided state of many parts of the Bankruptcy Code, that we can promise you that the outcome of such a hearing will be in your favor, although we will use every reasonable argument and evidence to obtain that result.

It is also possible that a creditor or the U.S. Trustee may initiate a lawsuit to deny your discharge or to determine the dischargeability of any debt. At this time, that is excluded from the services described in this contract. If such a suit is filed, we will discuss retention of our services and related fees and costs as appropriate and necessary. You are not under any obligation to hire us or any other firm for that work, or to pay us for its possibility.

In consideration of the legal services to be rendered to the undersigned by JOHNSON MAY, you have paid to JOHNSON MAY, the sum of $3,700.00 which includes the filing fee of $338.00. We acknowledge receipt of $200 of this sum previously. We have discussed the restrictions on compensation set out in the Bankruptcy Code and you understand that representation that occurs after the commencement of the bankruptcy case, may not by law be included in or charged against the monies paid to JOHNSON MAY prior to the Petition, and that such services described above and subject to this agreement that occur after the Petition will be billed separately at the then current hourly rates for attorneys of the firm. Post-petition charges for legal services may be paid only from monies that are not property of the bankruptcy estate and that are earned by you after the date on which the bankruptcy petition is filed.

In the event there are additional creditors or assets that need to be added to your petition or schedules after the initial petition and schedules are filed, and the additions are necessary due to your failure to provide us the required information prior to the initial filing, there will be additional attorney fees incurred (at the hourly rates depicted on Exhibit B attached hereto) for preparing the filing the amended schedules or statements. In addition, the filing fee ($32.00) for amendments to the schedules or statements will also be an additional charge.

The flat fee described above to prepare the bankruptcy petition, schedules, and additional required statements is based on your cooperation in providing us the required information and documents in an organized manner. In the event the information provided to our office is not provided in an organized format, such that we must expend additional time simply organizing your documents, you will be billed hourly for the time expended to organize your documents, at the hourly rates depicted on Exhibit B attached hereto. These additional fees MUST be paid prior to the filing of the bankruptcy petition. We will endeavor to provide you with as much advance notice of these additional fees as possible.

Wellness Enhanced Lifestyle Living
April 26, 2022
Page 3 of 4

It is understood and agreed by you that you have not retained or employed JOHNSON MAY to represent you in any adversary proceeding, contested matter or lawsuit that may be presently pending, or that may be commenced after the date of this agreement. Should you request representation in any adversary proceeding, contested matter or lawsuit, you understand that any such legal services will be in addition to those described above and will be billed to you at the current hourly rate for attorneys of the firm.

You further understand that the representation described in this agreement does not in any way guarantee or represent to you that a discharge in bankruptcy will be obtained or that all debts from which discharge can be sought will be included in any such discharge.

You also understand that the fees described herein relate to the filing of the bankruptcy petition and appearance at the hearing or meetings described above. The fees described herein do NOT cover any sort of post-petition planning or questions/discussions regarding your future plans now that the bankruptcy has been filed. You will be billed separately for any post-petition, future-planning questions or representation.

This letter and the enclosed exhibits constitute our engagement agreement with you. Together they establish the scope and terms of our engagement and inform you regarding our fees and billing practices. The chapter 7 bankruptcy agreement constitutes our entire agreement regarding the current scope of work and may be amended only by mutual agreement confirmed in writing.

If you have any questions, or do not agree to the fees, or terms of representation, please contact me at once. I have enclosed a copy of this letter for you to keep. If you agree to these terms, please indicate your approval by signing below and returning your signature to me via email or fax with the original to follow via U.S. Mail.

Sincerely,

Matthew T. Christensen
Attorney at Law

MTC | mar
Enclosures:   Exhibit A: General Terms and Conditions
              Exhibit B: Fee and Cost Schedule
              Exhibit C: Conflict Agreement

Wellness Enhanced Lifestyle Living
April 26, 2022
Page 4 of 4

## ACCEPTANCE OF ENGAGEMENT AGREEMENT

I have read the preceding letter and the attachments that follow, including the conflict agreement. I agree to the firm's representation on those terms.

Dated: 4/27/2022

*DocuSigned by:*
*WP Haller*
69A6FC073A6F47C...

Wellness Enhanced Lifestyle Living, LLC
By: Ryan Haller

# EXHIBIT A

## JOHNSON MAY

### *General Terms and Conditions*

**Client**. The terms "you" and the "client" are used interchangeably in this Chapter 7 Bankruptcy Engagement Agreement; both refer to Wellness Enhanced Lifestyle Living.

**Scope of Work**. A description of the initial scope of work has been provided to you. You may alter the scope of work or authorize additional work or new matters orally or in writing. Unless otherwise provided and confirmed in writing, all matters will be subject to this Chapter 7 Bankruptcy Engagement Agreement.

**Billing Procedures.** The firm typically provides monthly billing statements by regular mail. Billing statements are broken out by matter and are sent to the person and address identified for the particular matter. Please advise us if you would like the matters to be organized differently or if you wish for the statements to be directed to a different person.

**Late Fees**. The amounts shown on the firm's statements are payable within thirty (30) days after the date of the statement (unless chargeable to a Retainer Fund). Statements that are not paid within thirty days (30) will be assessed a late payment charge at the rate of one and one-half percent per month (18.0 % per annum) on the unpaid balance.

**Billing Questions**. The firm will be pleased to answer any questions you have about billing. If you have concerns about any portion of a bill, please raise them promptly. We expect you to pay without delay all but the disputed or questioned portion of the bill. The firm's acceptance of partial payment does not constitute an accord and satisfaction. Any concerns or disputes about billing should be addressed promptly by both the client and the firm. If the dispute cannot be resolved, either client or the firm is free to terminate the representation, while the other party retains all rights and remedies.

**Fees**. In this case we have negotiated a fixed fee agreement for the specific projects listed. This fixed fee does not cover any services not specifically listed in the Agreement.

**Billable Time**. The client will be charged for all time spent by timekeepers performing work reasonable and appropriate for your representation. This includes attorneys, paralegals, and legal analysis and research, review and drafting of documents, telephone calls, correspondence, meetings, responding to client inquiries, site visits, data gathering and preparation, outlining and budget development, strategy development, task coordination, drafting and negotiation of agreements, lobbying, presentations, and travel.

**Billable Costs**. The client may be billed for all costs appropriately incurred on behalf of the client. This may include postage, long distance telephone, photocopying, messenger service, electronic research fees (such as Westlaw or Lexis), staff overtime on specific rush projects, filing fees, and travel costs including meals and mileage. If extraordinary costs are expected to be incurred, the client will be advised in advance and may be asked to make advance payment.

**Nonbillable Time and Costs.** The firm does not bill the client for routine secretarial costs, word processing or internet connections.

**Estimates.** For most matters, it is difficult to predict the amount of time that will be required, particularly where legal research, negotiation or litigation are involved. Therefore, any estimates of fees or costs provided to the client are not guarantees or caps on the fees that may be incurred, unless expressly provided in writing.

**Retention of Experts and Other Professionals.** From time to time, it may be necessary to retain experts, consultants, mediators or other professionals outside of this firm in connection with our representation of you. Ordinarily, such professionals will submit their bills directly to you, and you will be solely responsible for paying their fees and costs. In some instances, it may be advantageous for the professionals to be retained directly by this firm. The firm agrees to add no administrative or overhead charge to fees or costs billed by the consultant or other professional. In the event that this firm pays their fees and costs, you will be responsible to promptly reimburse the firm therefore. If the fees are expected to be substantial, you may be asked to provide advance funding. Whatever the arrangement, we will always obtain your approval before retaining any professional outside this firm.

**Confidentiality.** The firm is obligated to protect the client's secrets and confidences, as provided in the Idaho Rules of Professional Conduct. This obligation continues after the firm's representation is terminated. In special cases, confidentiality may be addressed in a separate written agreement. If you have provided an email address to my firm, you acknowledge that the email that was provided to us is secure, the account belongs to you, and there will not be a waiver of the attorney-client privilege and/or breach of the duty of confidentiality if my firm sends documents and/or correspondence to that account.

**Work Product.** The client is entitled to copies of all work product developed by the firm on the client's behalf. However, the firm may withhold work product if the client has failed to pay fees and costs properly charged to the client.

**File Retention.** The firm generally keeps each client's legal files for at least five (5) years after the file is opened, after which time the files may be subject to destruction. If the client wishes the firm to keep the files for a longer period, the client should advise the firm in writing as promptly as practical. Unless otherwise directed, the firm will maintain original copies of executed documents, and provide the client with a photocopy thereof. Please keep all documents provided to you in a safe location.

**Termination by Client.** The client may terminate its relationship with the firm unilaterally at any time upon written notice to the firm. Termination shall not affect the client's obligation to pay for services rendered. This includes fixed fees (if any), fees and costs associated with the provision of services prior to termination, and fees and costs necessarily incurred by the firm in order to wind down or hand over the work.

**Suspension of Work.** The client's failure to timely pay bills may result in immediate suspension of services being provided by the firm. Suspension will not occur without prior notice to the client and an opportunity to cure.

**Withdrawal by Firm.** The firm reserves the right to withdraw from this representation with the client's consent or for good cause. Good cause may include the client's failure to honor the terms of the Chapter 7 Bankruptcy Engagement Agreement, the client's failure to pay amounts billed in a timely manner, the client's failure to cooperate or follow the firm's advice on a material matter, or any fact or circumstance that would, in the firm's view, impair an effective attorney-client relationship or would render the firm's continuing representation unlawful or unethical. If the firm withdraws, the client will take all steps necessary to free the firm of any obligation to perform further, including the execution of any documents (including forms for substitution of counsel) necessary to complete its withdrawal, and the firm will be entitled to be paid for all services rendered as well as disbursements, costs, and other charges made or incurred on behalf of the client prior the date of the withdrawal or necessarily incurred in the course of winding down or handing work over.

## EXHIBIT B

## JOHNSON MAY

### *Fee and Cost Schedule*
### *Professional Fees*

Billing rates for attorneys at Johnson May range between $215 and $375 per hour. Paralegal billing rates range between $95 and $175 per hour. A complete fee schedule for all firm timekeepers is available upon request.

The hourly fees of timekeepers currently expected to be associated with this representation are listed below.

| Name | Rate |
|---|---|
| Wyatt B. Johnson | $375 per hour |
| Matthew T. Christensen | $375 per hour |
| J. Justin May | $375 per hour |
| Sheli Fulcher Koontz | $375 per hour |
| Michelle Points | $350 per hour |
| Natasha N. Hazlett | $325 per hour |
| Louis Spiker | $375 per hour |
| Bart Browning | $275 per hour |
| J. Dee May | $275 per hour |
| Chad R. Moody | $265 per hour |
| Chris Slette | $230 per hour |
| Allison Johnson | $230 per hour |
| Janine Reynard | $275 per hour |
| Jared Nelson | $195 per hour |
| Melanie Anderson | $175 per hour |
| Caroline Cortens | $175 per hour |
| Sheri Mitchell | $130 per hour |
| Jessica Brocious | $130 per hour |
| Juli LaMont | $130 per hour |
| Candice Booher | $150 per hour |
| Megan Richmond | $95 per hour |
| Amber Kaiser | $95 per hour |
| Abbie Stephens | $95 per hour |

The rates quoted above are for the year **2022**. Billing rates are subject to adjustment annually. Any adjustment in the hourly rate or additional personnel will be reflected in your monthly billing statements.

## Costs

Costs are subject to adjustment annually. Any adjustment will be reflected in the monthly billing statements presented to the client. The firm does not charge an overhead or administrative fee for services contracted on a client's behalf.

| | |
|---|---|
| Photocopying | $0.20/page All Copies Over 500 |
| Messenger Service | On a case to case matter |
| Westlaw/Lexis | Prevailing rate |
| Long Distance Telephone | Prevailing rate |
| Overtime Staff Charges | $25.00/hour |
| Facsimile | No Charge |

DocuSign Envelope ID: 1C743055-8A05-4632-828E-727CC7871CD9

## EXHIBIT C

## JOHNSON MAY

### *Conflict Agreement*

Our representation of you is governed by the Rule 1.7 of the Idaho Rules of Professional Conduct.[1] This rule prohibits the firm from representing two clients where our representation of one client would be directly adverse to another client unless three conditions are met: (1) the circumstances are fully explained, (2) each client expressly waives the conflict with written confirmation, and (3) it is reasonable for us to ask them to do so. The purpose of this Conflict Agreement is to advise you of actual and potential conflicts and obtain your informed consent before we undertake your representation. By agreeing to this representation, you hereby waive the conflicts of interest described here.

### No Direct Conflicts of Interest are Anticipated

The firm is not aware of any direct conflicts of interest with respect to our representation of you. By direct conflicts, we mean situations in which you and another client have directly conflicting positions or objectives, and our representation of at least one party involves advocating that position or pursuing that objective.

### Indirect Conflicts of Interest

In addition to the direct conflicts discussed above, it is possible that the interests of yourself and those of our other clients could be at odds on matters not directly related to our representation

---

[1] Rule 1.7 of the Idaho Rules of Professional Responsibility (effective July 1, 2004) provides:

RULE 1.7: CONFLICT OF INTEREST: CURRENT CLIENTS

    (a)    Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
        (1)    the representation of one client will be directly adverse to another client; or
        (2)    there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by the personal interests of the lawyer, including family and domestic relationships.
    (b)    Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
        (1)    the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
        (2)    the representation is not prohibited by law;
        (3)    the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
        (4)    each affected client gives informed consent, confirmed in writing.

of you. You should be aware that the firm's lawyers are engaged in matters on behalf of a wide variety of clients. This includes, among others, businesses and industries of all types, banks and other financial institutions, business owners, venture capitalists, trusts, doctors and hospitals, trade organizations, real estate investors and developers, professional groups, industry associations, homeowner groups, citizen groups, user groups, policy advocacy organizations, nonprofits, and governmental entities at all levels, as well as other public and quasi-public entities. We represent these persons and entities in private transactions as well as matters before courts, agencies, regulatory and governmental bodies, and state and federal legislatures. Consequently, the firm's lawyers are frequently engaged in a variety of public policy, regulatory, and legislative matters with broad implications.

It is not unlikely that we may now or in the future represent other persons or entities in your industry or business. In some cases, this may include direct competitors of yours. It might also include those with whom you have commercial, financial, regulatory, or other relationships.

It is possible that something that we do on behalf of one client might have implications or repercussions for your business. For instance, any time we help another client buy a piece of property, that investment opportunity is not available to you. Likewise, there could be instances in which we pursue a policy issue or legal precedent on behalf of one client that you might not consider favorable or desirable.

In some cases, our clients may be your business competitors or those with whom you have commercial, financial, regulatory or other relationships. Likewise, we represent clients that may hold viewpoints or advocate public policy positions contrary to yours. We may also represent governmental bodies with which you deal on other issues.

We also represent clients that may hold viewpoints or advocate public policy positions contrary to those of you. By agreeing to this representation, you have agreed on behalf of yourself not to disqualify me or my firm from representing any other client on the basis that the work we are doing for the other client is contrary to the policies, goals, or business objectives of yours so long as the work for the other client is unrelated to the matters on which you have engaged this firm.

<u>Future Conflicts and Termination of Representation</u>

As stated in the Chapter 7 Bankruptcy Engagement Agreement, you may end our legal representation of you at any time. However, by entering into this Chapter 7 Bankruptcy Engagement Agreement, you agree not to object to our representation of other existing or future clients as disclosed and described in this Conflict Agreement.